## H. & T. C. R. R. Co. v. John Henry Boozer.

### (No. 850.)

DAMAGES — NEGLIGENCE. — It is a general rule that between stations and public crossings, and upon the yards, the track or tracks belong exclusively to the company, and all persons who walk, ride or drive thereon are, strictly speaking, trespassers; and if they go there at the sufferance of or by permission of the company, it will be considered that they are there subject to the risks incident to the place; and if while there they are injured by the company's trains, no recovery can be had for such injury unless it resulted from gross negligence upon the part of the agents or servants of the company.

MEASURE OF DAMAGES. — To authorize a recovery in such case as that stated, the negligence on the part of the company must be shown to be so gross that, had death ensued, the company would have been liable for exemplary damages.

INCLOSURE OF ROADS AND RAILWAYS. — The statutes which impose upon railway companies the duty of fencing their roads does not require them to inclose the grounds about their freight and passenger depots.

TRESPASSERS. — Trespassers upon the yards of a railway company are charged with the knowledge of present and continuous danger, and are required to exercise the greatest care and prudence to protect themselves from injury.

NEGLIGENCE — EVIDENCE. — While age or physical condition of the injured party does not, ordinarily, affect the degree of care required of those operating locomotives, contributory negligence not entering into the question, still in the case of a child, or person deprived of sight or hearing, which was known to those operating the engine, and known by them to be on, or about to go on, the track, a greater degree of care is required than in the case of ordinary persons.

Appeal from Grayson county.  Opinion by Watts, J.

Statement. — Appellee, by next friend, brought this suit against appellant, March 2, 1880, to recover $20,000 damages for injuries received by him while crossing appellant's railroad track at the city of Denison, November 7, 1879, by which he lost a leg and received other injuries.  Appellee answered September 16, 1880, by general denial, and also that the injuries were directly caused by the negligence of the appellee.  The cause was tried April 28, 1883, and a verdict returned and judgment rendered against the appellant for the sum of $6,125.  The errors deemed essential are stated in the opinion.

Opinion. — At the time of the accident appellee was about ten years old, and a bright, intelligent boy for his age. He was well acquainted with the company's yards and says he knew that it was dangerous to go there; that in crossing the yard he had theretofore been on his guard and watched for moving trains, but at the time he was injured that he was looking down the path and thinking about getting home.  That he heard the moving train but supposed that it was on the Missouri Pacific track, and therefore he did not look up to ascertain its whereabouts.  It seems his mother had cautioned him about the danger of going on the yard or across the tracks.

At the point where the accident occurred there is an embankment of considerable height, and it is stated by some of the witnesses that there was a path leading across the track, and that those living on the east side of the company's road had for years been in the habit of crossing there in going to the business portion of the city of Denison.  In the direction from which he approached the embankment the road and yard were unobstructed, and trains moving or standing upon the same could easily have been seen.  Neither the bell was being rung nor the whistle sounded, and the engineer and fireman were watching the rear for signals.  The engineer states that he was watching

the front for obstructions as well as the rear for signals, but neither the engineer nor fireman saw the boy.

The general rule is that between stations and public crossings, and upon the yards or tracks belonging exclusively to the company, all persons who are found therein are, strictly speaking, trespassers, and if they go there at the sufferance or by the permission of the company, it will be considered that they are there subject to the risks incident to the place; and if injured by the company's trains, no recovery can be had for such injury, unless it resulted from gross negligence upon the part of the agents or servants of the company. The degree of negligence which would authorize a recovery in such case is not easily defined, however; it must be so gross that, if death had ensued, the company would be liable for exemplary damages under section 26, article 16, of the constitution. H. & T. C. R'y Co. v. Richards, 59 Tex., 375, and authorities there cited.

It has been frequently held in those states where, as with us, the statute imposes upon railroad companies the duty of fencing their roads, that this does not require them to inclose the grounds about their freight and passenger depots, as these grounds are required to be kept open for the convenience of the public, and also that the space used for switches and side tracks is not required to be inclosed. Pierce on Railroads, page 421 and notes.

Therefore, those who trespass upon such yards must be held to do so with the knowledge that they thereby place themselves in a position of great danger, where they are required to exercise the greatest care and prudence to protect themselves from injury, and where they are not in a position that entitles them to any special or particular care upon the part of the company's servants. Baltimore & Ohio R. R. Co. v. Depew, Am. & Eng. Railroad Cases, vol. 12, part 1.

The degree of care and prudence required of those operating locomotive engines is ordinarily not affected by the

age or physical condition of the party injured, when not involving the question of contributory negligence. When, however, a child, or a person deprived of sight or hearing, which was known to those operating the engine, is by them seen upon the track, or known to be there or about going upon the same, then a greater degree of prudence would be required than if it was a person of full age and possessed of all the human senses. In the latter case it might be assumed that such person would leave the track and avoid the danger, while that assumption might not be justified in the former case.

The evidence disclosed by the record does not show such gross negligence upon the part of the servants of the company as would authorize the recovery.

To entitle the appellee to a recovery the burden was upon him to establish, by competent evidence, such gross negligence upon the part of those in charge of and operating the engine, and having failed to do this it follows that the verdict is not supported by the evidence.

Proceeding, then, to the consideration of the objection that, upon the issue of contributory negligence, the verdict is not supported by, but is against the evidence. As to those who have not reached maturity, the rule as to the degree of prudence and care required of them, so as to avoid the effect of contributing to the injury by their own negligence, is dependent upon the age, intelligence and experience of the party, and the circumstances attending the evidence. Dowling v. N. Y. C. & H. R. R. Co., Am. & Eng. Railroad Cases, vol. 12, page 83; R. R. Co. v. Street, 17 Wall., 664; Thompson on Negligence, secs. 1181–82.

Appellee was, at the time of the injury, about ten years of age, and unusually intelligent for his age; and while he knew it was dangerous to cross the yard, yet he says ho made his way up the embankment and upon the track with his eyes fixed upon the ground and his thoughts upon home, and failed to use his senses in detecting the approaching train, notwithstanding he heard it moving. Ob-

viously, one of sufficient intelligence and experience to understand the danger, who thus exposes himself to it, without making any use of his senses to avoid the injury, must be considered as having contributed directly to it, and hence cannot recover. G., H. & S. A. R. Co. v. Bracken, 59 Tex., 74.

Our conclusion is that the judgment ought to be reversed and the cause remanded.